J-S37040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANCIS EDWARD VEASEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANTHONY JOSEPH MEGLIO | |
| Appellee | No. 3099 EDA 2014 |

Appeal from the Order September 24, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term 2014 No. 001163

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 07, 2015**

Francis Edward Veasey appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County granting his motion for determination of money judgment.  Upon review, we affirm.

The trial court set forth the facts and procedural history of this case as follows:

> On May 13, 2014, [Veasey] commenced this case by petition and a motion for return of security deposit, averring that he had paid his landlord . . . Anthony Meglio, $1,700.00 as a security deposit and $850.00 as last month's rent pursuant to a lease which began May 9, 2009.  Following [Veasey]'s vacation of the premises, [Meglio] did not return the security deposit.  [Veasey] further averred that he was owed $2,550.00 for two (2) months' security deposit and one (1) month's rent.  He alleged that a shutoff of his gas services created an uninhabitable living condition, and that he . . . began placing his rent in a private escrow account.  Subsequently, [Meglio] began proceedings in the Philadelphia Municipal Court to compel payment of rent; [Veasey] claimed that he had voluntarily "surrendered possession" of the property December 7, 2013.

On May 27, 2014, [Meglio] filed his response to [Veasey]'s petition, denying all of [Veasey]'s averments and stating that, following [Meglio]'s action against [Veasey] in Municipal Court, [Veasey] was ordered to move out of the property for nonpayment of rent at $900.00 per month; following [Veasey]'s appeal to this [c]ourt, [Veasey] was ordered to pay $900.00 per month into a court escrow account in order to continue the appeal. [Meglio] also averred that the gas shutoff was due to [Veasey]'s own actions, and that [Veasey] had caused $3000.00 worth of damages to the apartment.

On June 24, 2014, this [c]ourt issued a rule to show cause why the requested relief should not be granted, returnable June 24, 2014.

On June 24, 2014, this [c]ourt held a hearing on the merits of the case. Sal Meglio . . . [Meglio]'s younger brother, appeared on behalf of [Meglio], who was hospitalized at the time. Testimony established that in July 2012, PGW began action to terminate service and that on August 24, 2012, PGW terminated service for nonpayment. At some point thereafter, [Veasey] began to deposit $900.00 a month into a private escrow account.

In October 2013, [Meglio] began proceedings to compel payment of rent and to evict [Veasey], and received an order for [Veasey] to pay $600.00 a month into a court escrow account as well as a writ of possession. [Veasey] appealed, but withdrew his appeal after a motion was filed to have the escrow funds released to [Meglio]. After withdrawing his appeal, [Veasey] began proceedings to attempt recovery of the escrow funds. At the time, there was approximately $2,400.00 and costs in the escrow fund.

[Veasey] moved out of the apartment on December 7, 2013.

On June 24, 2014, this [c]ourt granted [Veasey]'s motion.

On August 26, 2014, [Veasey] filed a motion for determination of money judgment, requesting that this [c]ourt amend its order to specify a monetary amount of judgment. [Veasey] averred that the amount of money in [Meglio]'s possession was $2,550.00 and requested in judgment $5,373.15 as "penalty plus interest calculated on the total of penalty plus principle" or $2,686.48[,] "the amount of principle owed, plus $2,550.00 in penalities as allowable under law for a total of $5,236.48."

[Veasey] provided the same unlabeled, handwritten, and/or illegible exhibits in support of his motion.

On September 25, 2014, this [c]ourt granted [Veasey]'s motion and entered judgment in favor of [Veasey] in the amount of $2,550.00[, representing the security deposit of $1,700 and last month's rent of $850].

On October 23, 2014, [Veasey] filed a timely notice of appeal to the Superior Court of Pennsylvania.

On October 24, 2014, this [c]ourt issued its order pursuant to Pa.R.A.P. 1925(b), directing [Veasey] to file his concise statement of matters complained of on appeal within twenty-one (21) days.

On November 6, 2014, [Veasey] filed a timely statement of matters complained of on appeal as well as a miscellaneous motion, both substantially identical in form. Instead of raising the alleged errors of this [c]ourt in a concise fashion, [Veasey] reiterated at length his argument that he is entitled to the interest and penalties allowable per 68 Pa. C.S. § 250.512(b).

Trial Court Opinion, 2/3/15, at 1-3.

On appeal, Veasey claimes that he is also entitled to penalties and interest, in the amount of approximately $5,135.00, pursuant to 68 P.S. § 250.512. Section 250.512 provides, in relevant part, as follows:

**§ 250.512. Recovery of improperly held escrow funds.**

(a) Every landlord shall within thirty days of termination of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable. Delivery of the list shall be accompanied by payment of the difference between any sum deposited in escrow, including any unpaid interest thereon, for the payment of damages to the leasehold premises and the actual amount of damages to the leasehold premises caused by the tenant. Nothing in this section shall preclude the landlord from refusing to return the escrow fund, including any unpaid interest thereon, for nonpayment of rent or for the breach of any other condition in the lease by the tenant.

(b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises.

(c) If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow, including any unpaid interest thereon, exceeds the actual damages to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil actions at law. The burden of proof of actual damages caused by the tenant to the leasehold premises shall be on the landlord.

. . .

(e) Failure of the tenant to provide the landlord with his new address in writing upon termination of the lease or upon surrender and acceptance of the leasehold premises shall relieve the landlord from any liability under this section.

68 P.S. § 250.512 (emphasis added).

Veasey claims he voluntarily relinquished possession of the apartment on December 7, 2013. He asserts that Meglio did not return his security deposit within thirty days and did not provide a written list of damages until February 8, 2014, more than sixty days after Veasey moved out. Therefore, he claims he is entitled to double the amount deposited in escrow, plus interest, pursuant to section 250.512(c).

The trial court found that Veasey is only entitled to $2,550, representing his security deposit and last month's rent, but not the

- 4 -

additional penalties and interest fees. In so concluding, the court noted that the record is unclear as to the amount of money each party owes the other. For example, there is confusion as to whether Veasey owes Meglio for several months' rent and/or damages to the premises. In light of this uncertainty, the trial court awarded Veasey his security deposit and last month's rent. The trial court found that it "could not in good conscience grant [Veasey] interest or penalties," as neither party could settle on the amount owed to the other. Trial Court Opinion, 2/3/15, at 4.

Upon our review of the record, and based upon the utter lack of proof provided by either party, we can discern no abuse of discretion on the part of the trial court in refusing to award Veasey damages pursuant to section 250.512.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2015